**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-60059-JIC**

**UNITED STATES OF AMERICA**

v.

**JASON MATTHEW BONAVENTURA**,
**SAMUEL STEPHEN PANY**,
**ANTHONY JOSEPH GOULD, and**
**JOSEPH ANTHONY ZAPPOLI III,**

    **Defendants.**
_____/

**PROTECTIVE ORDER REGULATING DISCLOSURE OF**
**DISCOVERY AND SENSITIVE INFORMATION CONTAINED THEREIN**

**THIS CAUSE** is before the Court upon the Government's Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information Contained Therein ("Motion") [DE 27]. The Court has considered the Motion and the record in this case, and is otherwise advised in the premises. Accordingly, it is

**ORDERED AND ADJUDGED** that the Government's Motion is **GRANTED** as set forth below:

The Government is authorized to disclose sensitive information in its possession that the Government believes necessary to comply with the discovery obligations imposed by this Court;

IT IS FURTHER ORDERED that the Government shall mark that portion of the discovery that includes sensitive information as "Confidential";

IT IS FURTHER ORDERED that counsel of record for the defendant in this proceeding shall hold the Confidential portion of the discovery in strict confidence. Therefore, defense counsel shall restrict access to this discovery, and shall disclose this discovery to their client, office

staff, investigators, and to anticipated fact or expert witnesses only to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter and in a manner that will prohibit the disclosure of this discovery to other persons not involved in the defense;

IT IS FURTHER ORDERED that counsel of record for the defendant shall advise any person to whom the Confidential portion of the discovery is disclosed that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent;

IT IS FURTHER ORDERED that counsel of record for the defendant shall obtain a certification from each person to whom the Confidential portion of the discovery is disclosed (excluding the defendant), in which the recipient, (a) acknowledges these restrictions as set forth in the Protective Order of the Court, and (b) agrees that they will not disclose or disseminate the information without express consent of defense counsel.  Counsel shall keep a copy of each certification to identify the individuals who received the Confidential portion of the discovery and the date on which such information was first disclosed.

IT IS FURTHER ORDERED that counsel of record agree that, upon conclusion of the above captioned case,[1] copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

---

[1] The conclusion of the case shall mean the period at the conclusion of any appellate and Section 2255 proceedings, if any, or upon expiration of the deadline for filing appellate or Section 2255 proceedings.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of April 2024.

*[Signature]*
JAMES I. COHN
United States District Judge

cc:     Counsel of record